IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BRYAN S. MAHAN,

      Plaintiff,

vs.

WITHERSPOON MOBILE AUTO
REPAIR, LLC, a Florida Limited
Liability Company, and TERREK S.
WITHERSPOON, an individual,
jointly and severally,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, BRYAN S. MAHAN, sues Defendants, WITHERSPOON MOBILE AUTO REPAIR, LLC and TERREK S. WITHERSPOON, and shows:

### Introduction

1.     This is an action by BRYAN S. MAHAN against his former employer for unpaid overtime and retaliation pursuant to the Fair Labor Standards Act, as well as unpaid wages under Florida common law.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 215.  The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.     The claim arose within the Middle District of Florida, which is where venue is proper.

### Parties and General Allegations

4.     Plaintiff, BRYAN S. MAHAN, (hereinafter "MAHAN") a resident of Duval County, Florida, was at all times material, employed by WITHERSPOON MOBILE AUTO REPAIR, LLC,

as an apprentice, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a). To wit: MAHAN's duties included working on vehicles with various tools which are manufactured outside of the State of Florida. Accordingly, MAHAN himself was involved in interstate commerce.

5.        Defendant, WITHERSPOON MOBILE AUTO REPAIR, LLC (hereinafter, "WMAR, LLC"), is a Florida Limited Liability Company doing business throughout the State of Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or material that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the auto body shop where MAHAN was employed. At all times pertinent to this Complaint, WITHERSPOON operates as an organization which sells and/or markets its services and/or goods to customers outside and throughout the State of Florida, and obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6.        Defendant TERREK S. WITHERSPOON, (hereinafter "WITHERSPOON"), who resides in the Middle District of Florida, was, and still is, an owner and/or operator of Defendant WMAR, LLC.

7.        Defendant WITHERSPOON acted and acts directly in the interests of Defendant

WMAR, LLC, in relation to its employees. To wit: WITHERSPOON is WMAR, LLC'S sole owner and director, who maintains financial control over his company, guides corporate policies, controls the company's pay policies and was generally responsible for the company's payroll policies that are violative of the Fair Labor Standards Act. Thus, WITHERSPOON was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), and is jointly and severally liable under the FLSA for unpaid wages under the holding of <u>Patel v. Wargo,</u> 803 F.2d 632, 637-38 (11th Cir.1986) and its progeny.

**<u>Count I -  Violation of FLSA by WMAR, LLC (and WITHERSPOON) – Unpaid Overtime</u>**

8.      Plaintiff realleges the allegations of paragraphs 1 through 7 above as if fully set forth in Count I of his Complaint.

9.      During MAHAN's employment from November 6, 2019 through November 20, 2019, Defendants willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MAHAN, in at least one week during his employment, worked in excess of 40 hours, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10.      The failure to pay the overtime rate to MAHAN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

11.      WMAR, LLC's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MAHAN's status as non-exempt, but chose not to pay him in accordance with the Act.

12.      MAHAN is entitled pursuant to 29 U.S.C. § 216(b), to recover from WMAR, LLC:

     a.     All unpaid overtime that is due;

     b.     As liquidated damages, an amount equal to the unpaid overtime owed;

     c.     The costs of this action, and;

     d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff, BRYAN S. MAHAN, prays that this court will grant judgment against Defendant WMAR, LLC:

     a.     awarding MAHAN payment of full overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

     b.     awarding MAHAN an additional equal amount as liquidated damages;

     c.     awarding MAHAN his costs, including a reasonable attorney's fee; and

     d.     granting such other and further relief as is just.

## Count II –Violation of FLSA by WMAR, LLC (and WITHERSPOON) – Retaliation

13.     Plaintiff realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7 above.

14.     Plaintiff, on November 20, 2019, MAHAN requested several times for payment via text message, to which WITHERSPOON responded and refused to pay until a $60.00 cash advance was repaid.

15.     On November 20, 2019, Plaintiff complained to WITHERSPOON via text message that it was illegal to withhold Plaintiff's pay. Defendant responded to Plaintiff's text messages and agreed it was illegal to withhold pay, but not to drop Plaintiff's rate of pay below the agreed upon rate.

16.     In direct response to MAHAN's complaint about Defendant's refusal to pay, Defendant lowered MAHAN's rate of pay from $14.00 per hour to $8.50 per hour for hours that MAHAN already worked.

17.     Defendant's actions as more particularly described above were directly related to and in response to Plaintiff's complaints about his pay, since there are no other justifiable reasons for Defendant's adverse action.

18.     Plaintiff's complaints about his pay constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

19.     Defendant's adverse treatment of Plaintiff was a direct result of Plaintiff's public opposition to Defendant's pay practices.

20.     The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

21.     Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

     a.     All lost wages that are due, including pre-judgment interest;

     b.     As liquidated damages, an amount equal to lost wages;

     c.     Compensatory damages for emotional pain and suffering;

     d.     The costs of this action; and,

     e.     A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant:

     a.      awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

     b.     awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

     c.     money damages to compensate Plaintiff for emotional pain and suffering endured;

     d.     awarding Plaintiff his costs, including a reasonable attorney's fee; and

     e.     granting such other and further relief as is just.

## **Count III: Breach of Contract  by WMAR, LLC – Unpaid Wages**

22.     Plaintiff realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 7 and 16 above.

23.     Defendant hired Plaintiff as an apprentice and agreed to pay the Plaintiff an hourly rate of $14 for each hour Plaintiff worked.

24.     Plaintiff performed all job duties and tasks requested by Defendant, and performed all conditions precedent to his entitlement to payment of his agreed wages.

25.     By failing to pay Plaintiff his agreed upon wages, Defendant has violated the Florida common law, and now owes Plaintiff his agreed upon wages.

26.     Plaintiff is entitled pursuant to the Florida common law, to recover from Defendant:

      a.     his agreed upon wages;

      b.     the costs of this action, and;

      c.     a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

      a.     enter judgment for Plaintiff and against Defendant on the basis of its willful violations of the Florida common law;

      b.     award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid wages, plus prejudgment interest;

      c.     award Plaintiff reasonable attorneys' fees and costs of suit pursuant to Florida Statutes § 448.08; and

      d.     other such relief as this Court deems just.

## **Jury Demand**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

__*/s/Robert S. Norell*__

Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*