IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:19-cv-1435-J-20PDB

BRYAN S. MAHAN,

    Plaintiff,

vs.

WITHERSPOON MOBILE AUTO
REPAIR, LLC, a Florida Limited
Liability Company, and TERREK S.
WITHERSPOON, an individual,
jointly and severally,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, BRYAN S. MAHAN, and Defendant, WITHERSPOON MOBILE AUTO REPAIR, LLC, and TERREK S. WITHERSPOON (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between the Parties is attached as Exhibit "A."

    **I.**    **Relief Requested**

The Parties respectfully request that this Honorable Court enter an Order approving the terms of the Parties' settlement and dismissing this action with prejudice.

    **II.**    **Basis for the Request**

This case involves a claim for unpaid overtime wages and unpaid wages. Plaintiff worked for Defendant's auto repair business. Plaintiff alleged that Defendant violated the the Fair Labor Standards Act ("FLSA") by failing to pay him all wages that were due, including overtime compensation, and also for retaliation in connection with the amount

1

Defendant paid to Plaintiff for his last pay check. Defendant denied these claims and, in the alternative, offered defenses to each of Plaintiff's claims. The Parties had several in-depth discussions on damages and exchanged detailed pay and time records. Defendant denied liability but agreed to pay $6,528.44 to resolve the instant matter, which includes full and uncompromised payment of Plaintiff's alleged minimum wage and overtime claims, plus an equal amount for liquidated damages. The settlement proceeds also include an amount for Plaintiff's alleged retaliation claims, consideration for a general release and non-disparagement obligation.

The Parties also agreed that Plaintiff's counsel will receive Plaintiff's reasonable costs and attorney's fees of $4,500.00. The Parties negotiated and settled Plaintiff's recovery and attorney's fees independently and in seriatim consistent with this Court's prior ruling in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. Aug. 4, 2009). The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Memorandum of Law

There are two ways in which claims under the Fair Labor Standards Act of 1938 ("FLSA") can be settled and released by employees. First, section 216(c) of the FLSA allows an employee to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee

against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters an Order approving the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gandi,* 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In the Eleventh Circuit, circumstances justifying court approval of an FLSA settlement in a litigation context include:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against Defendant.

The Parties agree that the instant action involves disputed issues. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendant discussed Plaintiff's alleged unpaid minimum wages and overtime wages based on all of Plaintiff's claims and

3

Defendant's denial of same and defenses thereto. The Parties exchanged documentation to support their claims and defenses. The Parties then engaged in detailed settlement discussions, based upon their independent analyses of the facts of the matter. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations. The Parties memorialized the terms of their settlement relevant to Plaintiff's claims in this action in the attached Settlement Agreement.

### III.  Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Dated: July 9, 2020

Respectfully submitted,

| | |
|---|---|
| By: *s/Robert S. Norell, Esq.*<br>Robert S. Norell, Esq.<br>Fla. Bar No. 996777<br>E-Mail: rob@floridawagelaw.com<br>**ROBERT S. NORELL, P.A.**<br>300 NW 70th Avenue<br>Suite 305<br>Plantation, FL 33317<br>Telephone: (954) 617-6017<br>Facsimile: (954) 617-6018<br>*Counsel for Plaintiff* | By: *s/Mark Hulsey IV*<br>Mark Hulsey IV, Esq.<br>Fla. Bar No.: 092455<br>E-Mail: mhulsey@ludwiglaw.net<br>**LUDWIG HULSEY, P.A.**<br>5150 Belfort Road South<br>Building 500<br>Jacksonville, FL 32256<br>Telephone: (904) 281-0145<br>Facsimile: (904) 493-0384<br>*Counsel for Defendant* |

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on July 9, 2020, on all counsel or parties of record appearing on the Service List below.

By: *s/Robert S. Norell*
Robert S. Norell, Esq.

## Service List
CASE NO.: 3:19-cv-1435-J-20PDB

Robert S. Norell, Esq.
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*

Mark Hulsey, Esq.
E-Mail: mhulsey@ludwiglaw.net
**LUDWIG HULSEY, P.A.**
5150 Belfort Road South
Building 500
Jacksonville, FL 32256
Telephone: (904) 281-0145
Facsimile: (904) 493-0384
*Counsel for Defendant*