IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:19-cv-1435-J-20PDB

BRYAN S. MAHAN,

    Plaintiff,

vs.

WITHERSPOON MOBILE AUTO
REPAIR, LLC, a Florida Limited
Liability Company, and TERREK S.
WITHERSPOON, an individual,
jointly and severally,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (hereinafter "Agreement") is made and entered into by and between BRYAN S. MAHAN, (hereinafter "Plaintiff"), and WITHERSPOON MOBILE AUTO REPAIR, LLC and TERREK S. WITHERSPOON, (hereinafter "Defendant"). The term "Defendant" shall also collectively include all past and present parents, successors in interest and assigns, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and their current or former officers, agents, representatives, fiduciaries, administrators, directors, stockholders, partners, or employees, in both their individual and official capacities.

WHEREAS, Plaintiff has caused to be instituted a lawsuit against Defendant, alleging violations of the Fair Labor Standards Act in the United States District Court for the Southern District of Florida (CASE NO.: 3:19-cv-1435-J-20PDB);

WHEREAS, Defendant denies any liability to Plaintiff; and,

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1.     **No Admission.** This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendant of any liability whatsoever, or as an admission by Defendant of any violation of the rights of Plaintiff or any other person,

or of any violation of any order, law, statute, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendant specifically disclaims any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of Plaintiff or any other person, or of any order, law, statute, duty, or contract.

2. **Settlement Funds.** Defendant agrees to pay Plaintiff and his attorney the total sum of $6,528.44 (hereinafter "Settlement Funds"), in the following manner:

A. One check made payable to BRYAN S. MAHAN in the amount of $528.44, for which Defendant has already tendered, representing payment in full of Plaintiff's alleged unpaid minimum wages, overtime and liquidated damages;

B. Six checks made payable to ROBERT S. NORELL, P.A. TRUST ACCOUNT, (FEI# 65-0643110), in the amount of $1,000.00 each, which will fully satisfy any and all obligations that MAHAN or Defendant may have for Plaintiff's retaliation damages and reasonable attorney's fees and litigation expenses. The first check shall be due within five (5) days from the date the Court approves the parties' settlement and enters an order of dismissal. The next five (5) checks shall be due on the fifteenth (15th) of the month starting in July and ending in November, 2020. From these payments, $1,500.00 is allocated to MAHAN's retaliation damages and is consideration for the general release from MAHAN to Defendant, and $4,500.00 is allocated to MAHAN's reasonable attorney's fees and litigation expenses.

The parties agree that the total funds allocated to Plaintiff constitutes a full and uncompromised recovery of Plaintiff's alleged unpaid minimum wages, overtime and liquidated damages. The parties also agree that the funds allocated to MAHAN's retaliation claim are not nominal and represent adequate consideration for the general release and non-disparagement clauses in this Agreement. Furthermore, the parties represent that the amount of attorney's fees paid by the Defendant was negotiated separate and apart from the funds allocated to Plaintiff for his alleged unpaid overtime and liquidated damages.

3. **Dismissal of Litigation.** The parties agree to file a Joint Motion to Approve FLSA Settlement and Dismiss in accordance with the Court's procedures in FLSA actions. The parties will request the Court to retain jurisdiction to enforce the terms of the settlement.

4. **Complete Payment.** It is expressly understood by Plaintiff that the obligations of Defendant contained in Paragraph 2 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or any of his attorneys are now, or may become, entitled to, based upon any claim whatsoever arising out of his employment with Defendant.

5. **Release of Defendant.** Plaintiff hereby unconditionally and irrevocably releases and forever discharges the Defendant, of and from, and agrees not to sue and not to assert against Defendant any causes of action, claims and demands

whatsoever, at law, in equity, or before any agency or commission of local, state and federal governments, arising, or alleged to have arisen, or which may arise under any common law theory and/or any law including, but not limited to, the Fair Labor Standards Act, the Equal Pay Act, federal, state, or municipal anti-discrimination laws such as the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act, as amended, the Florida Civil Rights Act of 1992 and Section 440.205, Florida Statutes, that the Plaintiff ever had, now has, or which his heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have, based on any set of facts known or unknown, occurring prior to, and including, the date of the execution of this Agreement. This Release is not intended to and does not release Defendant from any obligations it has under this Agreement.

6. **Release of Plaintiff.** In exchange for Plaintiff entering into this agreement and for the other consideration herein, the Defendant releases the Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that the Defendant once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to the Defendant from the beginning of the world to the date this Agreement is executed by the Defendant. Such is a general release from the Defendant to Plaintiff. This Release is not intended to and does not release Plaintiff from any obligation he has under this Agreement.

7. **Non-Disparagement.** The parties agree not to disparage one another. The Defendant agrees that it shall provide Plaintiff or any prospective employers of Plaintiff, with a neutral employment reference; Defendant will only provide dates of employment and Plaintiff's position, and will not reference the subject litigation.

8. **Opportunity to Review.** The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiff further represents that he thoroughly discussed all aspects of this Agreement with his attorneys, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

9. **Entire Agreement.** The parties represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by the party or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

10. **Acknowledgment/Binding Agreement.** Plaintiff acknowledges that he has read and understands this Agreement; that he has been provided an opportunity to consult with an attorney; that he fully and voluntarily agrees to all of the provisions stated herein; and that this Agreement constitutes a binding Agreement between the parties.

11. **Breach of Agreement.** Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

12. **Choice of Law.** This Agreement shall be interpreted, construed, and enforced according to Florida law.

13. **Parties Bear Their Own Fees.** The Parties each agree to pay their own attorneys' fees and costs related to this dispute and the settlement thereof, except as provided in this Agreement.

14. **Effective Date.** This Agreement shall become effective upon the date when the last signatory has executed this Agreement.

15. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

16. **Execution.** This Agreement may be executed in counterparts and each counterpart shall be and constitute a part of this Agreement and all counterparts taken together shall constitute this Agreement, and be binding and effective to all parties hereto.

THE FOREGOING TERMS AND PROMISES ARE AGREED TO BY:

_Bryan S. Mahan_  6/9/2020
BRYAN S. MAHAN / Date

_[signature]_  7/7/2020
WITHERSPOON MOBILE AUTO REPAIR, LLC / Date

Terrek S. Witherspoon, as Manager
Authorized Representative

_[signature]_  7/7/2020
TERREK S. WITHERSPOON / Date